**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4729-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSHUA McFARLAND,

     Defendant-Appellant.

_____

Submitted December 4, 2018 – Decided December 12, 2018

Before Judges Fisher and Firko.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 14-11-1172.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief; Linda Rinaldi, Legal Assistant, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

At a shopping center in Evesham Township in August 2014, defendant knocked down a seventy-five-year-old woman – causing her to suffer a broken hip, a broken arm, and internal bleeding – while stealing her purse. Defendant fled the scene but was eventually identified when arrested for a similar crime in another county the next month. He was charged with first-degree robbery, second-degree aggravated assault, and fourth-degree theft. Pursuant to a negotiated agreement, defendant pleaded guilty to first-degree robbery and was sentenced to an eleven-and-one-half-year prison term subject to an eighty-five percent period of parole ineligibility.

Defendant appealed, arguing the sentence was excessive. We rejected that argument and affirmed. State v. McFarland, No. A-0360-15 (App. Div. Mar. 9, 2016). Defendant then filed a timely post-conviction relief (PCR) petition that was denied on June 7, 2017.

Defendant now appeals the denial of his PCR petition, arguing the judge erred in denying relief and in failing to provide an evidentiary hearing; he claims his attorney was ineffective for: (1) "laboring under a conflict of interest"; (2) "misinforming [him] about the exposure he would face at sentencing [because of] a prior conviction"; and (3) "failing [to] adequately argue [his] motion to

2

suppress his statement to police and . . . failing to enter [into evidence] the video relied upon in the judge's decision."

We find insufficient merit in the second and third arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We add only that the premise for the third claim of ineffectiveness – that defense counsel did not ensure the judge's consideration of defendant's interrogation video – is inaccurate. The judge stated during the suppression hearing that she "watch[ed] it twice."

Although we reject the second and third arguments, we must remand for an evidentiary hearing on the first. In seeking relief in the PCR court, defendant submitted his mother's certification, in which she claimed defendant's criminal conduct occurred because he was "in the grip of terrible addiction to drugs and alcohol." She asserted that she and other family members determined "that a period of incarceration would most likely be . . . beneficial" because it "would keep [defendant] away from drugs and alcohol." She claimed that this "idea" was "communicated" to the retained attorney, that the family "and the attorney were in con[s]ensus with the intent to not oppose incarceration," and that they collectively "decided to proceed" accordingly.

A-4729-16T2

In rejecting this argument, the PCR judge correctly recognized that the mere payment of legal fees by someone other than the client does not necessarily create a conflict of interest. See generally In re State Grand Jury Investigation, 200 N.J. 481 (2009). She also correctly determined that whether the attorney was ineffective on the ground he had divided loyalties could be evaluated to some degree through an examination of the attorney's performance in the underlying proceedings.[1] And, as the judge observed, the allegedly conflicted attorney forcefully sought the suppression of incriminating statements defendant made to police. But that alone does not negate the possibility that counsel might still have pursued – in accordance with the family's desire – a course that would ensure defendant's incarceration.[2] In the interests of justice, we agree with

---

[1] The PCR judge presided over the suppression hearing and the earlier proceedings as well and was entitled to rely on her familiarity with those events in assessing defense counsel's performance.

[2] We are mindful that the record suggests the State was unwilling to enter into a plea agreement that would not include a guilty plea to first-degree robbery. We cannot determine from this undeveloped record whether – in light of the State's apparent position – there was a reasonable basis for defendant to avoid the inevitable lengthy sentence a first-degree guilty plea would generate by going to trial; that question might very well include a consideration of the evidence the State could have marshaled against defendant. Because of the lack of a more developed record than presented, we cannot ascertain whether the advice given by the attorney – and taken by defendant when he pleaded guilty – was more aligned with the family's wishes than defendant's.

A-4729-16T2

defendant that an evidentiary hearing into the allegations contained in his mother's certification is required. The PCR court should factually determine whether the attorney that defendant's family retained was conflicted for any of the reasons asserted and whether that conflict warrants a finding of ineffectiveness under the Strickland/Fritz test.[3]

The order under review is vacated and the matter remanded for an evidentiary hearing in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

A-4729-16T2